## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| GREGORY MEDLEY, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 11-3350-CV-S-DW-P |
| MICHAEL BOWERSOX, | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2008 convictions and sentences for first degree robbery, first degree assault, and armed criminal action, which were entered in the Circuit Court of Greene County, Missouri. Respondent contends that petitioner procedurally defaulted all of his grounds for relief as set forth in Respondent's Response, Doc. No. 6, pp. 1-2, in that petitioner did not raise any of his present grounds for relief in the appeal from denial of post-conviction relief. Petitioner replies that he does not know anything about a "PCR appeal" and that he merely asks that he receive the last plea offer the state offered him of 16 years imprisonment. Doc. No. 8.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id. "A Missouri [petitioner] defaults claims which should have been raised, but were not, on appeal from the denial of a motion for post-conviction relief." Streeter

v. Moore, 2007 WL 944823 (E.D. Mo. Mar. 19, 2007) (citing Moore-El v. Luebbers, 446 F. 3d 890, 897-98 (8th Cir. 2006)).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner is procedurally barred from pursuing his grounds from relief in this federal petition because he failed to raise them on appeal from denial of Rule 24.035 relief. Any allegation of ineffective assistance of post-conviction appellate counsel as the basis for his state procedural default in this federal proceeding must fail. If petitioner contends that ineffective assistance of Rule 24.035 appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Petitioner's claim is one of legal, not factual,

innocence, which does not provide a basis for habeas corpus relief. Pitts v. Norris, 85 F.3d 348, 350 (8th Cir.), cert. denied, 519 U.S. 972 (1996). The petition for writ of habeas corpus will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

    /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   November 16, 2011   .